UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. CR-18-277-R |
| | ) | |
| **JOSE RAFAEL PEREZ,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is Defendant's Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) Based on Retroactive Application of U.S.S.G Amendment 821 [Doc. No. 59]. The United States responded in opposition [Doc. No. 62] and the matter is now at issue.

On June 5, 2019, Defendant was sentenced to a 96-month term of imprisonment for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See* Doc. No. 34. At Defendant's sentencing hearing, the Court adopted the presentence investigation report released by the United States Probation Office, which recommended a total offense level of 21, a criminal history score of 7, a criminal history category of IV, and a guidelines range of 57 to 71 months imprisonment. *See* Doc. Nos. 33, 41. In sentencing Defendant, the Court varied upward, above the guideline range, for purposes of protecting the public from further crimes of Defendant.

Defendant now moves for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines. Section 3582(c)(2) "establishes an exception to the general rule of finality 'in the case of a defendant who has

1

been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)' and made retroactive pursuant to § 994(u)." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(c)(2)). Relevant here, Part A of Amendment 821 retroactively amended the sentencing guidelines by reducing the number of "status points" assigned to a defendant to one if the defendant has seven or more criminal history points and reduces the number to zero if the defendant has fewer than seven criminal history points. Defendant was assessed 5 criminal history points and 2 additional status points, for a total criminal history score 7. Applied to Defendant, Amendment 821 reduces his status points to zero, which lowers his criminal history score to 5 instead of 7. That in turn lowers his criminal history category to III and the recommended guideline range to 46 to 57 months.

      Although Defendant is eligible for sentence reduction under Amendment 821, the Court finds that a reduction in Defendant's sentence is not warranted by the sentencing factors outlined in 18 U.S.C. § 3553. At the time of Defendant's sentencing, the Court noted that Defendant had several prior convictions, many of which involved serious conduct that was a danger to the public, and that the facts underlying this conviction also involved serious conduct that put someone else's life at risk. Moreover, Defendant's disciplinary record while incarcerated reflects that he has been disciplined on several occasions, including for assault and possession dangerous weapon. Although Amendment 821 results in a reduced criminal history score, Defendant's disciplinary record, as well as the nature and circumstances of the offense, the history and characteristics of Defendant,

and the need to protect the public from Defendant's further crimes, do not support a sentence reduction.

Defendant's recent efforts to take responsibility for his rehabilitation and actions are commendable, and the Court sincerely hopes Defendant continues on that path. Nevertheless, Defendant's current sentence is sufficient, but not greater than necessary, to serve the sentencing factors.

Accordingly, Defendant's Amended Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) Based on Retroactive Application of U.S.S.G Amendment 821 is DENIED.

IT IS SO ORDERED this 3rd day of July, 2025.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE